

# The Attorney General of Texas

December 22, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable G. Dwayne Pruitt
Terry County Attorney
Terry County Courthouse
Brownfield, Texas    79316

Opinion No. MW-542

Re:    Whether one probation office may serve two judicial districts located in different counties

Dear Mr. Pruitt:

You have requested our opinion as to whether one joint probation office may serve two judicial districts in different counties. Your question concerns the legality of the situation which has existed in Terry, Yoakum, Hockley, and Cochran counties since apportionment legislation became effective on April 8, 1981. Article 199, V.T.C.S., §121 (121st Judicial District), §3.112 (286th Judicial District). All four counties had previously comprised only one judicial district and one probation office served all four counties. Under the new apportionment, Terry and Yoakum counties comprise the new 121st Judicial District, while Cochran and Hockley counties comprise the new 286th Judicial District.

Subsequent to the effective date of the apportionment legislation, the judges of the new 121st Judicial District and the new 286th Judicial District acted to continue the probation department under the same administrative structure. However, the same probation personnel are now employed by both judicial districts. The new probation office is known as the 121st and 286th Judicial Districts Probation Department. According to the Executive Director of the Texas Adult Probation Commission, this probation department has fully met the standards set by the commission for a probation officer for each district, and this method, in fact, appears to be the most efficient, cost-effective method of providing adequate probation services to these four counties.

Section 10 of article 42.12 of the Code of Criminal Procedure provides:

> For the purpose of providing adequate probation services, the district judge or district judges trying criminal cases in each judicial district in this state shall establish a probation office and

> employ, in accordance with standards set by the commission, district personnel as may be necessary to conduct presentence investigations, supervise and rehabilitate probationers, and enforce the terms and conditions of misdemeanor and felony probation. If two or more judicial districts serve a county, or a district has more than one county, one district probation department shall serve all courts and counties in the districts.

This provision clearly indicates that the legislature contemplated the establishment of one probation office "in each judicial district." Where the language of a statute is plain and unambiguous, it ordinarily will be literally construed. Trimmier v. Carlton, 264 S.W. 253, 258 (Tex. Civ. App. - Austin 1924), aff'd on other grounds, 296 S.W. 1070 (Tex. 1927); Brazos River Authority v. Graham, 354 S.W.2d 99, 109 (Tex. 1961).

Furthermore, section 10 itself creates two exceptions: a single district probation office is permitted (1) in a multi-district county (two or more judicial districts in a county; and (2) a multi-county district (a district includes more than one county). The statute does not authorize a single probation office for the situation you describe: a multi-county, multi-district area. Where a statute contains one or more specific exceptions, the usual implication is that no other exceptions are applicable, and that the statute should apply in all cases not excepted. State v. Richards, 301 S.W.2d 597, 600 (Tex. 1957); Federal Crude Oil Company v. Yount-Lee Oil Company, 52 S.W.2d 56, 60 (Tex. 1932).

### S U M M A R Y

> A joint probation office for the 121st and 286th Judicial Districts is not authorized by statute, and is, hence, impermissible. Each district is required to establish and maintain its own distinct probation office.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Bruce Youngblood